[No. 3,837.]

In THE MATTER OF THE APPLICATION OF THE CLEAR LAKE WATER COMPANY.

ASSESSING DAMAGE FOR TAKING PRIVATE PROPERTY.—Where Commissioners are appointed to assess compensation for the taking of private property for public uses, and it is claimed that the Commissioners have not assessed "compensation for each piece of land taken, and for each source of damage, separately," an objection to the action of the Commissioners on that ground must be taken before the Commissioners themselves, to afford them an opportunity to obviate the objection; and if they refuse, an exception must be noted. If the party fails to make the objection before the Commissioners, he cannot move to set aside the report on that ground, in the Court to which the report of the Commissioners is made.

APPEAL from the County Court, City and County of San Francisco.

The case was thus: The Clear Lake Water Company was incorporated for the purpose of supplying the people of the city and county of San Francisco with pure, fresh water. The company, on the 24th of December, 1866, filed a petition in the County Court of the City and County of San Francisco to condemn the "Laguna de la Merced" and a belt of land three rods wide meandering the entire circumference of the lake, "including all the lands and waters within those boundaries, and the springs and streams which empty into the same." A large number of persons were named in the petition, as owning, or claiming, an interest in the property sought to be condemned. A time was set for hearing the petition, and notice was served on those named in the petition. Commissioners were then appointed to assess compensation to the parties owning the

property. The Commissioners having taken testimony, on the 15th day of March, 1873, filed their report, in which they assessed as compensation to be paid the gross sum of two million two hundred and fifty-one thousand three hundred and seven dollars. The petitioner moved the County Court to set aside the report, but made no objection before the Commissioners. The County Court granted the motion, and from this order the claimants appealed.

The other facts are stated in the opinion.

*Sol. A. Sharp*, for the Appellant.

*Charles N. Fox*, for the Respondent.

By the Court, WALLACE, C. J.:

The report of the Commissioners was set aside by the Court below, "for the reason that the same is informal and is not made in compliance with the requirements of the law in this, that the said Commissioners have not assessed compensation for each piece of land taken and for each source of damage separately as required by statute."

If an objection of this character had been taken before the Commissioners and an exception reserved, a motion might have properly been made by the petitioners to set aside the report for the reason assigned. But no such objection or exception before the Commissioners is pointed out by counsel or found on the record. The Act of March 9, 1870 (Stats. 1869–70, page 227,) provides, in substance, that a motion to set aside a report in such a case as this must be based upon some exception reserved before the Commissioners, and that upon the hearing of the motion, "the entire report of the Commissioners, including the testimony and exceptions, shall be deemed a statement on such motion and may be used and read thereon." It was the intention of the Legislature that a party purposing to object to the mode of procedure pursued by the Commissioners, should first make his objection to the Commissioners themselves, and thus afford them an opportunity to obviate it, if possible; and should they refuse to

do so, to then put his objection and exception of record,. and on return of the report to renew his objection by means of a motion made to set aside the report. But he cannot be permitted to state his objection for the first time in making the motion to set aside the report. In this case, for instance, the statute required the Commissioners to assess the compensation for each piece of land taken, and for each source of damage separately, "as far as practicable." It was not objected before the Commissioners that this portion of the statute was being disregarded by them. No motion was made by the petitioners to make the proceedings more specific in these respects. It is only now that the report has been filed and the proceedings are approaching a finality that the objection is, for the first time, taken by motion of the petitioner to set aside the report. The motion should not, under these circumstances, have been entertained.

Order reversed and cause remanded. Remittitur forthwith.

Mr. Justice CROCKETT, being disqualified, did not participate in the decision.

Mr. Justice McKINSTRY did not express an opinion.